UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

In re:

Case No.: 24-bk-03756-LVV

LIFE AT SEA CRUISES, INC.

Chapter 7

Debtor.
_________________________/

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION**
**TO VOLUNTARILY DISMISS CHAPTER 7 BANKRUPTCY CASE [ECF NO. 38]**

Holger Mark Doerr, Anne Alms, Kathryn Villalba, & Tobias Lindsten (collectively, the "Judgment Creditors") file this Response in Opposition to Debtor's Motion to Voluntarily Dismiss Chapter 7 Bankruptcy Case [ECF No. 38] (the "Motion"). In opposition to the Motion, Judgment Creditors state as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 7 on July 23, 2024 (the "Petition Date").

2. The 341 meeting of creditors was initially held on September 6, 2024 [ECF No. 14], and subsequently continued several times, culminating in a motion to compel attendance filed by the Chapter 7 Trustee [ECF No. 30].

3. On September 25, 2024, the undersigned requested mutually agreeable dates for a 2004 examination of the Debtor from then-counsel for the Debtor, who despite her claim that dates would be provided, never did so. **Exhibit "A"** to the Motion to Compel Production of Documents and Attendance at Deposition (the "Compel Motion").

4. On October 15, 2024, the Creditors filed and served their Notice of 2004 Examination of Vedat Ugurlu[1] (the "2004 Notice") [ECF No. 17].

5. The 2004 Notice required (i) responses and production by November 18, 2024, and (ii) appearance by the Debtor's principal for deposition on December 2, 2024.

6. On November 11, the undersigned sent an email to Debtor's counsel which agreed to preliminarily limit the scope of the 2004 Notice in return for three (3) mutually agreeable dates upon which the deposition could be taken. **Exhibit "B"** to the Compel Motion.

7. The Debtor never provided the alternative dates as promised.

8. When Debtor failed to produce documents on November 18th, the undersigned counsel sent an email providing the courtesy of an unasked-for extension of time to Debtor's counsel, giving the Debtor until November 25, 2024, to produce the documents. **Exhibit "C"** to the Compel Motion.

9. The foregoing extension having come and gone with no response whatsoever from the Debtor or his attorney, the Judgement Creditors filed their Compel Motion [ECF No. 33] on November 29, 2024.

10. In the over five (5) months since the Petition Date neither the Debtor (nor Ugurlu) have produced documents critically necessary for the Chapter 7 Trustee or the Judgment Creditors to evaluate the Debtor's financial condition despite numerous requests both formal and informal. *See* ECF No. 30.

11. On December 4, 2024, the Debtor filed its Motion to Dismiss, falsely asserting that it was without creditors, and that no prejudice would be visited upon the Judgment Creditors should this case be dismissed.

---

[1] On information and belief, Urgurlu is the 100% owner of the Debtor, and the person most knowledgeable about the business affairs of the Debtor.

## ARGUMENT

12. "In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified." *In re Alvarez*, Case No.: 10-45709-BKC-AJC, at *4 (Bankr. S.D. Fla. Oct. 25, 2011) (citing *In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP 2000)).

13. However, even if a debtor does show cause, the bankruptcy court should deny the motion to dismiss if there is any showing of prejudice to creditors. *In re Fultz*, No. 03-14009 GVLI, at *2 (Bankr. N.D. Fla. Feb. 13, 2004) (citing *In re Maixner*, 288 B.R. 815, 817 (8th Cir. BAP 2003)).

**A. All Applicable Factors Weigh in Favor of Declining Dismissal.**

14. The Motion cites six (6) factors for dismissal pursuant to Section 707(a)[2], of which four (4) are applicable to this matter, and all four of them weigh in favor of denying the Motion.

15. In order: (i) no creditors have consented to the dismissal, (ii) the Debtor's bad faith to date includes but is not limited to refusing to attend 341 meetings or to engage in any discovery whatsoever, (iii) pre-petition behavior of the Debtor strongly indicates that Chapter 7 administration by the Trustee would enhance and accelerate recovery, and (4) there is no other proceeding by which payment of the claims can be handled.

**B. The Debtor Does Have Creditors Which Will Be Prejudiced by Dismissal.**

16. Contrary to the assertion of the Motion that the Debtor has no creditors [ECF No. 38, para. 5], eighteen (18) separate proofs of claim have been filed in this case, including those of the Judgment Creditors, which were timely filed and to which no objection has been made.

17. While the Debtor seems to assert that the mere listing of the Judgment Creditors as "disputed" in its bankruptcy schedules is sufficient to deprive the Judgment Creditors of their

---

[2] *Motion*, pages 8-9.

creditor status, the Debtor is incorrect and such a determination is properly made through the Bankruptcy Rule 3007 claims objection process, if applicable.

18. In this case, the Judgment Creditors hold a valid and final judgment against the Debtor,[3] the time to appeal that judgment lapsed over a month prior to the Petition Date, and the Debtor's representation that it intends to somehow dispute it are patently ridiculous.

19. Unlike the Debtor, the Judgement Creditors have appeared through counsel at every 341 meeting of creditors, and have promptly served discovery upon the Debtor, who has ignored that discovery and failed to file a timely motion for protective order.

20. Similarly, on information and belief, prior to the bankruptcy filing, the Debtor (i) failed and refused to pay the Judgment Creditors the amounts owed, and (ii) failed and refused to complete the 1.977(b) fact information sheet as ordered by the State Court, which should put to rest even the vaguest hope that the Debtor will engage in good faith if this bankruptcy is dismissed.

21. Having expended considerable time, effort, and expense in attempting to get the Debtor to comply with its statutory duties under the Bankruptcy Code, the Judgment Creditors would now be deeply prejudiced by dismissal of this fundamentally recalcitrant and dishonest debtor.

22. Given its past behavior and continued conduct (or lack thereof), it is very likely that the Chapter 7 process is the only way any creditor of this Debtor will ever be made remotely whole.

23. "In construing § 707(a), courts have refused to dismiss a Chapter 7 case where the dismissal would cause some plain legal prejudice to the creditors. If dismissal would prejudice the creditors, then it will ordinarily be denied." *In re Hopper*, 404 B.R. 302, 307 (Bankr. N.D. Ill. 2009) (internal citations omitted).

---

[3] **Exhibit "A".**

**B. The Factual Recitations Are Irrelevant.**

24. Despite a verbose recitation of the historical relationship between the Debtor and one Mikael Petterson ("Petterson"),[4] those facts are entirely irrelevant.

25. On June 6, 2023, the Debtor sued Petterson in the Circuit Court for Broward County, Florida, but thereafter filed a notice of voluntary dismissal of the case when presented with a motion to dismiss. **Exhibit "B"**.

26. If the Debtor holds a valid claim against Petterson, then it should have disclosed that claim in its bankruptcy schedules, which of course it did not.

27. The Petterson "facts" appear upon review to resemble nothing so much as an aquarium-bound squid spraying ink about in a vain attempt to evade responsibility to its own actions or lack thereof.[5]

**C. Improper Advice of Prior Counsel Is Not Grounds for Dismissal.**

28. Lacking any other argument, the Debtor seeks to "cast shade" on prior bankruptcy counsel for filing this case. *Motion*, para. 35.

29. However,

> Courts are not impressed with complaints of attorney negligence, lack of representation, or errors in judgment by debtors when considering motions for voluntarily dismissal. See In re Klein,39 B.R. 530 (Bankr. E.D.N.Y. 1984) (denying motion to dismiss even though debtor asserted he was not fully advised of the implications of commencing a bankruptcy case) In re Martin,30 B.R. 24 (Bankr. E.D.N.C.1983) (denying motion to dismiss because the debtor was represented by counsel despite her assertion that counsel failed to explain the effects of filing a bankruptcy petition)….

*In re Hopper*, 404 B.R. 302, 308 (Bankr. N.D. Ill. 2009)

[4] *Motion*, pages 3-5.
[5] Aquariums, like the bankruptcy process itself, are transparent by design.

30. If indeed Debtor's prior bankruptcy counsel made an error in advising the Debtor, that is an issue for the Chapter 7 Trustee to investigate and, if warranted, take appropriate action.

WHEREFORE, the Judgment Creditors respectfully request that the Court enter an order (i) denying the Motion, and (ii) granting such other and further relief as the Court deems just and proper.

**Dated: December 12, 2024.**

DAVID A. RAY, P.A.
Counsel for Judgment Creditors
303 Southwest 6th Street
Fort Lauderdale, FL 33315
Tel: (954) 399-0105
Email: dray@draypa.com

By: /s/ David A. Ray________
David A. Ray
Florida Bar Number 13871

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2024, a true and correct copy of this filing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this filing is being served on counsel of record and parties in interest on this day via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ David A. Ray_______
David A. Ray

# Exhibit "A"

Filing # 197345375 E-Filed 04/30/2024 09:15:55 PM

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE23017361** DIVISION: **21** JUDGE: **Singer, Michele Towbin (21)**

**Holger Mark Doerr, et al**

Plaintiff(s) / Petitioner(s)

v.

**Life At Seas Cruises Inc**

Defendant(s) / Respondent(s)

______________________________/

**ORDER GRANTING VERIFIED MOTION FOR ENTRY OF FINAL JUDGMENT**

**THIS CAUSE,** having come before the court on the plaintiffs verified motion for entry of final default judgment and the Court, having reviewed the motion, having considered arguments from counsel for the plaintiff, having reviewed the prior entry of a court default, and being otherwise duly informed on the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows.

1. The verified motion for entry of a final default judgment against the defendant, Life at Sea Cruises, Inc., a Florida corporation, is **GRANTED.**

2. That, as to the plaintiff, Holger Mark Doerr, an individual, the Court makes the following findings:

A. The Court orders that the defendant, Life at Seas, Inc., a Florida corporation, is indebted to the plaintiff Doerr in the amount of 189,359.26; exclusive of prejudgment interest, attorneys' fees, costs, and expenses, for which let execution lie.

B. The Court further finds that the plaintiff Doerr is entitled to prejudgment interest at the rate of 8.25% per annum and finds that the prejudgment interest totals Ten Thousand Four Hundred and Fourteen Dollars and Seventy-Six Cents ($10,414.76); bringing the final judgment to One Hundred and Ninety-Nine Dollars Seven Hundred and Seventy-Four Dollars and no



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 04/30/2024 09:15:55 PM.****

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

cents ($199,774.00) for which let execution lie.

C. That the Court further finds that the plaintiff Doerr is entitled to reasonable attorney fees, costs, and expenses.

3. That, as to the plaintiff, Anne Alms, an individual, the Court makes the following findings:

A. The Court orders that the defendant is indebted to the plaintiff Alms, in the amount of One Hundred and Five Thousand Five Hundred and Fifty-One Dollars and Ninety-Two Cents ($105,551.92); exclusive of prejudgment interest, attorneys' fees, costs, and expenses, for which let execution lie.

B. The Court further finds that the plaintiff, Alms, is entitled to prejudgment interest at the rate of 8.25% per annum and makes the additional finding that the prejudgment interest totals Five Thousand Eight Hundred and Five Dollars and Thirty-Five Cents ($5,805.35). This brings the final judgment to the amount of One Hundred and Eleven Thousand Three Hundred and Fifty-Seven Dollars and Twenty-Eight Cents ($111,357.28) for which let execution lie.

C. That the Court further finds that the plaintiff Alms is entitled to a reasonable attorney fee including costs and expenses.

4. That, as to the plaintiff, Kathryn Villalba, an individual, the Court makes the following findings:

A. The Court orders that the defendant is indebted to the plaintiff Villalba in the amount of One Hundred and Three Thousand Three Hundred and Seventy-Four Dollars and Four Cents ($103,374.04); exclusive of prejudgment interest, attorneys' fees, and costs for which let execution lie.

B. The Court further finds that the plaintiff, Villalba, is entitled to prejudgment interest at the rate of 8.25% per annum and makes the additional finding that the prejudgment interest totals Five Thousand Six Hundred and Eighty-Five Dollars and Fifty-Seven Cents ($5,685.57). This brings the final judgment to the amount of One Hundred and Nine Thousand Fifty-

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Nine Dollars and Sixty-One Cents ($109,059.61) for which let execution lie.

C. That the Court further finds that the plaintiff Villaba is entitled to a reasonable attorney fee including costs and expenses.

5. That, as to the plaintiff, Tobias Lindsten, an individual, the Court makes the following findings:

A. The Court orders that the defendant is indebted to the plaintiff Lindsten in the amount of One Hundred and Sixty-One Thousand Seventy-Five Dollars and Sixty-Two Cents ($161,075.62), exclusive of prejudgment interest, attorneys' fees, costs, and expenses, for which let execution lie.

B. The Court further finds that the plaintiff, Lindsten is entitled to prejudgment interest at the rate of 8.25% per annum and makes the additional finding that the prejudgment interest totals Eight Thousand Eight Hundred and Fifty-Nine Dollars and Sixteen Cents ($8,859.16). This brings the final judgment to the amount of One Hundred and Sixty-Nine Thousand Nine Hundred and Thirty-Four Dollars and Seventy-Eight Cents ($169,934.78) for which let execution lie.

C. That the Court further finds that the plaintiff, Lindsten, is entitled to a reasonable attorney fee including costs and expenses.

6. The total recorded judgment against the defendant, Life At Seas, is in the amount of Five Hundred Ninety Thousand One Hundred and Twenty-Five Dollars and Sixty-Seven Cents ($590,125.67); exclusive of attorneys' fees, costs and expenses for which let execution lie.

7. The defendant, Life at Seas, Inc., a Florida corporation, as judgment debtor, shall have 30 days from the entry of the final judgment to complete the fact information sheet as per Rule 1.977(b) of the Florida Rules of Civil Procedure.

8. The Court maintains jurisdiction in this action.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case Number: CACE23017361

**DONE AND ORDERED** in Chambers at Broward County, Florida on 30th day of April, 2024.



CACE23017361 04-30-2024 2:37 PM
Hon. Michele Towbin Singer
**CIRCUIT COURT JUDGE**
Electronically Signed by Michele Towbin Singer

**Copies Furnished To:**
Geoffrey D Ittleman , E-mail : geoffrey@ittlemanlaw.com
Geoffrey D Ittleman , E-mail : april@ittlemanlaw.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

# Exhibit "B"

Instr# 119267803 , Page 1 of 1, Recorded 12/06/2023 at 02:55 PM
Broward County Commission

Filing # 187150674 E-Filed 12/01/2023 09:49:50 AM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

MIRAYINT CRUISE MANAGEMENT LTD. and LIFE AT SEA CRUISES, INC.,

Case No. CACE-23-014436

Plaintiffs,

v.

MIKAEL S. PETTERSON,
also known as
MIKAEL S. PETTERSSON,
FOURNEAU INTERNATIONAL LLC,
and FOURNEAU MANAGEMENT LLC,

Defendants.
_______________________________________/

**NOTICE OF VOLUNTARY DISMISSAL**

Plaintiffs give notice of the voluntary dismissal of this action.

**I HEREBY CERTIFY** that this document was e-filed today through the Florida Courts E-Filing Portal, which will serve the same on all counsel of record.

December 1, 2023

**ALBERTO E. LUGO-JANER**, Esq.
Florida Bar Number 0972592
alugo-janer@pcc.law
jreedy@pcc.law
courtefiling@pcc.law
**PRIVATE CORPORATE COUNSEL**
Attorneys | Consultants | Mediators
201 East Pine Street, Suite 445
Orlando, Florida 32801
Tel 407-647-7887, Fax 407-647-5396
privatecorporatecounsel.com
PCC File No. 4952-2
**Counsel for Plaintiffs**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY