**UNITED STATE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO FLORIDA**

| | |
|---|---|
| In re:<br><br>LIFE AT SEA CRUISES, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 6:24-bk-03756-LVV |

**DEBTOR'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND/OR RELIEF FROM THE COURT'S DECEMBER 17, 2024, ORDER**

Life at Sea Cruises, Inc. (the "Debtor"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), as incorporated herein by Federal Rule of Bankruptcy Procedure 7026 and Local Rule 2004-1(e), as well as Federal Rule of Civil Procedure 60(b), as incorporated herein by Federal Rule of Bankruptcy Procedure 9024, respectfully moves the Court for a protective order and/or relief from Mr. Vedat Ugurlu providing testimony at the scheduled 341 meeting and 2004 examination, and producing his personal documents requested in the 2004 Notice **and requests an emergency preliminary hearing on or before January 6, 2025.**

## INTRODUCTION

1. On December 17, 2024, the Court granted (a) the Trustee's motion compelling the Debtor to produce bank statements on or before January 3, 2025, and to appear at a section 341 meeting of creditors on January 6, 2025; and (b) the Judgment Plaintiffs' motion compelling the Debtor to produce documents responsive to the Notice of 2004 Examination on or before January 17, 2025 and to appear in-person for a 2004 examination on or before 2/21/2025 [ECF 47.]

2. Mr. Ugurlu, Debtor's sole owner and representative, seeks a protective order and/or relief from this Court's December 17, 2024 order because he was recently informed that he is the

target of a criminal grand jury investigation by the United States Attorney's Office for the Southern District of Florida for his role in the Life at Sea Cruises project.

3. Given the recent notice of a criminal investigation into Mr. Ugurlu's activities related to the Debtor, he seeks a protective order and/or relief from this Court's December 17, 2024 order to preserve his right against self-incrimination pursuant to the Fifth Amendment of the U.S. Constitution.

## BACKGROUND

4. Debtor, Life at Sea Cruises, Inc., was created to develop and market the world's first three-year, around the world cruise.

5. On July 23, 2024, Debtor filed for Chapter 7 bankruptcy.

6. Mr. Ugurlu, the Debtor's sole owner and representative, is a Turkish citizen living in Turkey.

7. On September 26, 2024, Mr. Ugurlu attended a 341 meeting virtually and answered questions related to the Debtor's business activities. At the time, the Debtor was represented by different counsel for this matter and was unaware that he was a target of a criminal investigation into the Life at Sea Cruises project operated and marketed by the Debtor.

8. On October 15, 2024, the Judgment Plaintiffs filed a Notice of 2004 Examination, which requested document productions from the Debtor.

9. In addition to requesting documents from the Debtor, the 2004 Notice also requests thirty-two categories of documents from Mr. Ugurlu in his individual capacity, including, among other documents, personal financial statements, settlement records, and business records.

10. On November 22, 2024, Trustee Arvind Mahendru (the "Trustee") filed a motion to compel production of Debtor's bank statements and to compel Mr. Ugurlu to testify at a further 341 hearing as the representative of the Debtor.

11. On November 29, 2024, the Judgment Plaintiffs filed a motion to compel Debtor to produce documents responsive to the 2004 Notice and to compel Mr. Ugurlu, as the Debtor's representative, to sit for a 2004 examination.

12. On December 4, 2024, Debtor filed a motion to voluntarily dismiss the Chapter 7 bankruptcy case.

13. On December 17, 2024, the Court denied the Debtor's motion to dismiss the case and granted both the Trustee's and Judgment Plaintiffs' motions to compel. The Court directed Debtor to produce bank statements by January 3, 2025, and directed Mr. Ugurlu, to appear at a 341 meeting scheduled for January 6, 2025. Additionally, the Court directed Debtor to produce documents related to a 2004 examination by January 17, 2025, and directed Mr. Ugurlu to appear for a deposition, in person, by February 21, 2025.

14. Debtor will produce its bank statements on or before January 3, 2025, in compliance with the Court's December 17, 2024 order.[1]

15. Subject to any objections, Debtor will also produce any responsive, non-privileged documents, in its possession, custody or control, responsive to the 2004 Notice by January 17, 2025, in compliance with the Court's December 17, 2024 order.

16. On December 20, 2024, attorneys for Mr. Ugurlu spoke with an Assistant U.S. Attorney in the Southern District of Florida, who notified counsel that Mr. Ugurlu is a target of a criminal grand jury investigation in relation to the Life at Sea Cruises project. Although news

[1] The Debtor's bank statements cover the period from April 2023 through December 2023.

outlets speculated about a possible investigation earlier in the year, Mr. Ugurlu is now aware that he is a target of an ongoing criminal investigation that directly overlaps with the Trustee's investigation of the Debtor in this bankruptcy proceeding.

17. As a result, this Court's December 17, 2024 order compelling Mr. Ugurlu to provide testimony at the upcoming 341 meeting, and to appear in-person for a 2004 deposition, directly infringes upon his Constitutional right against self-incrimination and we therefore seek a protective order and/or relief from this Court's order.

18. To the extent this motion is denied in full or in part, Mr. Ugurlu requests a ruling that any compelled testimony or production of documents does not waive his privilege against self-incrimination or any other valid privilege held by Mr. Ugurlu.

**ARGUMENT**

19. The Fifth Amendment to the United States Constitution states that "[No] Person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The provision in the Fifth Amendment which establishes the privilege against self-incrimination is to be liberally construed "in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The right extends not only to answers that would support a conviction, but also to those "which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Id*. In order to sustain the privilege, it must only be shown "that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id*. at 487.

20. The Fifth Amendment privilege may be asserted in a bankruptcy proceeding. *In re Keller Fin. Servs. of Fla., Inc.*, 259 B.R. 391 (Bankr. M.D. Fla. 2000). In *Keller*, the bankruptcy court granted a motion for a protective order from further discovery for a defendant who initially

provided 341 testimony, but then became aware of a pending criminal investigation in which he was or may have been a target. *Id*. The bankruptcy court noted that the burden to justify the invocation of the privilege need only be "minimal" and that the witness need only explain how an answer would be incriminating in "limited fashion." *Id*. at 400. Further, the court reasoned that the burden for the protective order was not that the witness be required to establish that the criminal prosecution was probable or imminent, but only that there be a "reasonable possibility" that the witness's answer could be used against him. *Id*. In that case, the court found that the defendant had a "'reasonable cause to apprehend danger' his responses to the discovery requests may incriminate him" and granted the protective order. *Id*. at 401 (quoting *Hoffman*, 341 U.S. at 486).

21. Here, Mr. Ugurlu has received confirmation through his criminal counsel that he is the target of a criminal grand jury investigation for activities directly related to the Debtor's business, which has given him "reasonable cause to apprehend danger" that attending the 341 meeting and 2004 examination, and producing the personal documents requested by the 2004 Notice may be used against him in the criminal proceeding.

22. Mr. Ugurlu has ample basis for requesting this motion for a protective order under Federal Rule of Civil Procedure 26(c), as incorporated herein by Federal Rule of Bankruptcy Procedure 7026 and Local Rule 2004-1(e). *Keller*, 259 B.R. at 408 (ruling that the Debtor's sole owner was not required to participate in discovery or provide personal records to the extent doing so would infringe upon his Fifth Amendment right).

23. In the alternative, this Court could also grant relief from its Court's December 17, 2024 order under Federal Rule of Civil Procedure 60(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 9024. The Rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for ... any other reason

justifying relief from the operation of the judgment." The right to reconsideration of an order under Rule 60(b)(6) is broadly construed and includes the consideration of the assertion of the Fifth Amendment privilege. *See In re Interbanque, Inc.*, No. 95-364, 1996 WL 762330, at *5 (Bankr. D.D.C. Mar. 28, 1996) (finding that even the untimely assertion of the Fifth Amendment privilege following the revelation of a criminal proceeding makes continued enforcement of a prior court order unjust).

**I. The Continued 341 Meeting**

24. The Debtor produced the entirety of its bank statements on January 3, 2025, in accordance with this Court's order.

25. Just like the defendant in *Keller*, Mr. Ugurlu has already testified in a 341 meeting. *Id*. at 398. However, this does not waive his Fifth Amendment privilege, because Mr. Ugurlu has only recently learned about his status as a target in an ongoing criminal grand jury investigation. Here, as in *Keller*, the defendant had previously testified at a 341 meeting, but only learned about the criminal investigation afterwards, and he then proceeded to consistently assert his Fifth Amendment privilege from that point forward. *Id*. The court held that he had not waived his right and granted the protective order from further discovery. *Id*.

26. Mr. Ugurlu, the Debtor's sole owner and representative, should be relieved from appearing and further testifying at the continued 341 meeting scheduled for January 6, 2025. Mr. Ugurlu's compelled testimony interferes with his Constitutional right against self-incrimination due to the pending criminal investigation into Mr. Ugurlu's actions related to his activities with the Debtor.

## II. The Notice of 2004 Examination

27. For the same reasons as discussed regarding the 341 meeting above, Mr. Ugurlu should not be compelled to travel to the United States or provide testimony in a 2004 examination. As was the case for the defendant in *Keller*, Mr. Ugurlu should be granted a protective order given that he is a target of a criminal investigation seeking the same facts Mr. Ugurlu would be questioned about during his 2004 deposition. Compelling Mr. Ugurlu to provide such testimony would infringe upon his Fifth Amendment right against self-incrimination.

28. Section A of the 2004 Notice seeks corporate documents of the Debtor. Subject to any valid and applicable objections, Debtor will provide documents responsive to the requests on or before January 17, 2025.

29. Section B of the 2004 Notice seeks documents from Mr. Ugurlu in his individual capacity. Mr. Ugurlu should be granted a protective order from having to produce such documents under the "act of production" privilege.

30. In *Keller*, the court noted that although the content of the Debtor's owner's personal documents were not privileged, the act of producing such documents was protected by the Fifth Amendment because the production of those documents would be testimonial as to the existence of such documents, and also "potentially incriminating, or form a link in a chain of evidence." *Id.* at 403. Accordingly, the court found that the "act of production" privilege applied to the Debtor's owner's personal records and granted a protective order regarding those records. *Id.* at 404.

31. The 2004 Notice's document requests related to Mr. Ugurlu in his individual capacity are broad and lack specificity. They seek, among other things, his personal financial statements, bank account statements, monetary and brokerage account statements, and assets. Here, as in *Keller*, the production of such documents is protected by the Fifth Amendment because production of the documents may constitute a statement concerning the existence and location of

the documents, and because such documents may form a link in a chain of evidence in the concurrent criminal grand jury proceeding.[2]

32. Accordingly, Mr. Ugurlu should be granted a protective order or relief from both testifying at a 2004 deposition and producing his personal records.

## CONCLUSION

33. For the foregoing reasons, Debtor respectfully requests that this Court grant Mr. Ugurlu a protective order and/or relief from this Court's December 17, 2024 order as it relates to his testimony and production of personal documents. This relief is warranted due to the ongoing criminal grand jury investigation into Mr. Ugurlu's actions related to the Life at Sea Cruises project that directly overlaps with the Trustee's investigation of the Debtor in this matter.

34. The undersigned conferred by telephone with the Trustee and counsel for the Judgment Plaintiffs on January 2, 2025, regarding this anticipated Motion, and they oppose the relief sought herein.

Dated: January 3, 2025

**LATHAM, LUNA, EDEN, and BEAUDINE, LLP**

*/s/ L. William Porter III*
L. William Porter III
Florida Bar No. 0116882
201 S. Orange Avenue, Suite 1400
Orlando, FL 32801
Phone: (407) 481-5800 (Main)
Fax: (407) 481-5801
bporter@lathamluna.com
*Counsel to the Debtor*

[2] Additionally, it is procedurally improper for the Trustee and Judgment Plaintiffs to obtain, through the Debtor, documents of Mr. Ugurlu – a foreign national, residing abroad. *In re Three Arrows Cap., Ltd.*, 647 B.R. 440 (Bankr. S.D.N.Y. 2022) (finding founders of a company cannot be served with a subpoena and be compelled to produce if such founders are non-nationals and non-residents located outside the United States).

**UNITED STATE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO FLORIDA**

| | |
|---|---|
| In re:<br><br>LIFE AT SEA CRUISES, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 6:24-bk-03756-LVV |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Life at Sea Cruises, Inc., 5484 Bowman Drive, Suite 1710, Winter Garden, FL 34787, all creditors and parties in interest entitled to receive electronic notice via CM/ECF; all creditors, as shown on the matrix attached hereto; and the **United States Trustee's Office**, 400 West Washington Street, Suite 1100, Orlando, FL 32801, amtrustee@gmail.com, am01@trustesolutions.net, United States Trustee - ORL7/13 USTP.Region21.OR.ECF@usdoj.gov, this 3rd day of January 2025.

/s/ L. William Porter, III
L. William Porter, III Esq.